UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

TERENCE N. GLENN,

Plaintiff,

v.

TRANSUNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC. (The "Hub Defendants");

CITIBANK, N.A.; BARCLAYS BANK DELAWARE (JETBLUE); FIRST PREMIER BANK; PERPAY, INC.; BLOCK, INC. d/b/a CASH APP (The "Spoke Defendants").

Defendants.

CIVIL ACTION NO:

COMPLAINT FOR ANTITRUST CONSPIRACY, ECOA DISCRIMINATION, ADA VIOLATIONS, AND FCRA VIOLATIONS

I. JURISDICTION AND VENUE

1.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, arising under the Americans with Disabilities Act (ADA, 42 U.S.C. § 12182), the Fair Credit Reporting Act (FCRA, 15 U.S.C. § 1681), the Equal Credit Opportunity Act (ECOA, 15 U.S.C. § 1691), and the Sherman Antitrust Act (15 U.S.C. § 1).

2.    Venue is proper under 28 U.S.C. § 1391(b) as the injuries and algorithmic discrimination occurred in this District.

## II. THE PARTIES

3. Plaintiff, Terence N. Glenn, is a disabled individual residing in Massachusetts who requires specific, life-sustaining ADA medical accommodations (the M-1 Sovereign Node architecture).

4. The "Hub Defendants" (TransUnion, Experian, Equifax) are central credit reporting agencies.

5. The "Spoke Defendants" (Citibank, Barclays/JetBlue, First Premier, Perpay, Cash App) are financial entities utilizing the Hub's data to execute automated financial control.

## III. FACTUAL ALLEGATIONS: THE HUB-AND-SPOKE CONSPIRACY

6. Plaintiff was the de facto payer and operational manager on credit lines totaling $26,000 via Citibank and Barclays (JetBlue), legally designated as an "Authorized User."

7. While suffering a severe exacerbation of his documented Traumatic Brain Injury (TBI), Plaintiff sent a distressed communication to Citibank and Barclays requesting an ADA-mandated interactive process to protect his housing and medical stability.

8. Instead of accommodating the disabled Plaintiff, Defendants Citibank and Barclays weaponized this distressed medical communication. They deliberately ignored Plaintiff's

multi-year financial footprint, used his "Authorized User" status as a discriminatory pretext, refused to transfer or maintain the credit line, and entirely retracted the $26,000 financial lifeline.

9. This retraction was instantly fed into the "Hub Defendants" (the credit bureaus), who disseminated the negative data across the grid without investigating the ADA context, violating the FCRA.

10. Relying horizontally on this tainted Hub data, the remaining "Spoke Defendants" executed parallel, retaliatory strikes against the Plaintiff.

11. Defendant First Premier Bank willfully ignored Plaintiff's direct, documented ADA demands (including formal CFPB complaints) to restructure his account during a medical crisis, instead continuing to execute predatory "fee harvesting" algorithms against a disabled consumer.

12. Defendant Perpay utilized "recursive soft blocks" to lock Plaintiff out of his capital. When Plaintiff successfully bypassed the automated system and spoke directly with the CEO regarding these algorithmic barriers, Defendant Perpay retaliated by permanently deleting Plaintiff's entire account to destroy the financial record and evade accountability.

13. Defendant Cash App similarly executed parallel, automated lockouts, severing Plaintiff's access to vital digital transaction infrastructure without due process.

14. This coordinated reliance on algorithmic exclusions and shared risk-data forms an illegal Hub-and-Spoke antitrust conspiracy, deliberately suffocating the Plaintiff's capital to prevent the maintenance of his ADA medical housing accommodation.

## IV. CAUSES OF ACTION

22. Defendants operate an illegal "Hub-and-Spoke" arrangement, sharing risk algorithms to horizontally coordinate the exclusion of the Plaintiff from the financial market.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue injunctive relief ordering the restoration of the $26,000 credit line and the reversal of all algorithmic "soft blocks" and account deletions;

B. Award statutory and punitive damages for willful FCRA, ECOA, and ADA violations;

C. Award Treble Damages for Antitrust violations;

D. Conduct a trial by jury on all issues triable by right; and

E. Grant such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

Terence N. Glenn, Pro Se

650 Ocean Ave, Unit 709

Revere, MA 02151

Phone: (617) 634-4234

Email: glenn.terence61@gmail.com

Date: April 8, 2026

4-8-2026