UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

TERENCE N. GLENN,

Plaintiff,

v.

CITIBANK, N.A.; TRANSUNION, LLC; BARCLAYS BANK DELAWARE; EXPERIAN
INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.;

Defendants.

CIVIL ACTION NO: 1:26-cv-11648

VERIFIED FIRST AMENDMENT COMPLAINT FOR ANTITRUST CONSPIRACY, FCRA
TRIGGER LEAD VIOLATIONS, ECOA DISCRIMINATION, AND ADA RETALIATION

I. JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 regarding violations
of the Sherman Antitrust Act (15 U.S.C. § 1), the Fair Credit Reporting Act (15 U.S.C. § 1681),

the Equal Credit Opportunity Act (15 U.S.C. § 1691), and the Americans with Disabilities Act (42 U.S.C. § 12182).

2.     This Court has supplemental jurisdiction over the Massachusetts state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events, algorithm deployments, and financial damages occurred in Suffolk County, Massachusetts.

## II. PARTIES

4. Plaintiff, Terence N. Glenn, is a resident of Revere, Massachusetts, and a person with legally documented severe disabilities, including a Traumatic Brain Injury (TBI), requiring specific kinetic and financial accommodations.

5. Defendant Citibank, N.A. is a national banking association operating within this district.

6. Defendant TransUnion, LLC is a major credit reporting agency operating a centralized data hub.

7. Defendant Barclays Bank Delaware is a financial institution operating within this district.

8. Defendants Experian Information Solutions, Inc. and Equifax, Inc. are major credit reporting agencies operating centralized data hubs.

## III. STATEMENT OF FACTS

9. Plaintiff requires a non-static, medically necessary housing structure (The M-1 Sovereign Node) to accommodate his TBI and preserve his physical and mental stability. Maintaining this structure requires unhindered access to equal credit opportunities.

10. In December 2025, Plaintiff requested a reasonable financial accommodation from Defendant Barclays to restructure an account. Barclays explicitly denied this accommodation in writing, citing Plaintiff's status as an "Authorized User" to permanently block his access to the account controls (See Exhibit A, Barclays Letter).

11. The "Authorized User" classification is weaponized by the Defendants as a hidden algorithmic barrier, designed to trap vulnerable consumers and deny them the interactive process required by the ADA and the ECOA.

12. Upon information and belief, Defendant Citibank, N.A. actively participated in a "Trigger Lead" data-purchasing syndicate with the credit bureaus, including TransUnion, LLC.

13. By purchasing the Plaintiff's pre-screened financial intent data—without a valid "permissible purpose" under 15 U.S.C. § 1681b—Citibank unlawfully weaponized the Plaintiff's credit-seeking behavior to execute algorithmic retaliation.

14. Utilizing this unlawfully acquired "Trigger Lead" data and the discriminatory "Authorized User" scoring metrics, Defendant Citibank executed a targeted, retaliatory strike against the Plaintiff on February 27, 2026, permanently retracting a $26,000 line of credit and closing the account (See Exhibit B, Citibank Closure Letter).

15. This algorithmic retaliation deliberately bypassed human oversight, causing immediate, mathematical damage to the Plaintiff's credit utilization ratio (pushing it above 50%) and directly threatening the financial capital required to maintain his medically necessary kinetic housing.

16. Plaintiff provided formal Notice of Intent to Sue to Defendant Citibank regarding this retaliation, exhausting his administrative remedies. Defendants willfully ignored the demand (See Exhibit C, Notice of Intent to Sue & CFPB Receipt).

## IV. CAUSES OF ACTION

### COUNT I: FAIR CREDIT REPORTING ACT (FCRA) & "TRIGGER LEAD" VIOLATIONS (15 U.S.C. § 1681)

17. Plaintiff incorporates all preceding paragraphs.

18. Defendant TransUnion unlawfully sold, and Defendant Citibank unlawfully acquired, the Plaintiff's consumer data via "Trigger Leads" without a permissible purpose. This unauthorized syndication of private financial intent data was weaponized to execute a $26,000 credit retraction, violating the core privacy protections of the FCRA.

### COUNT II: EQUAL CREDIT OPPORTUNITY ACT (ECOA) DISCRIMINATION (15 U.S.C. § 1691)

19. Plaintiff incorporates all preceding paragraphs.

20. Defendants systematically weaponized the "Authorized User" classification to deny the Plaintiff his right to equal credit access and reasonable financial accommodations, constituting active discrimination against a disabled consumer.

**COUNT III: SHERMAN ANTITRUST ACT (15 U.S.C. § 1) - HUB & SPOKE CONSPIRACY**

21. Plaintiff incorporates all preceding paragraphs.

22. The Credit Bureaus (the Hub) and the Banks (the Spokes) engaged in a horizontal conspiracy to enforce a uniform, algorithmic blacklisting system that bypasses Article III judicial oversight and permanently locks vulnerable consumers out of the economic grid.

**COUNT IV: ADA TITLE III RETALIATION (42 U.S.C. § 12203)**

23. Plaintiff incorporates all preceding paragraphs.

24. By retracting $26,000 in vital credit immediately following the Plaintiff's pursuit of ADA-protected financial accommodations, Defendant Citibank executed a retaliatory strike that violates federal civil rights law.

**COUNT V: UNFAIR AND DECEPTIVE BUSINESS PRACTICES (M.G.L. c. 93A)**

25. Plaintiff incorporates all preceding paragraphs.

26. The extraction and weaponization of "Trigger Leads" and hidden algorithmic scoring to destroy the Plaintiff's financial stability constitutes an unfair, deceptive, and predatory business practice in the conduct of commerce.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands:

A. An Order declaring the Defendants' algorithmic scoring and "Trigger Lead" syndication unconstitutional and discriminatory;

B. An Injunction ordering Defendant Citibank to immediately restore the $26,000 line of credit;

C. Treble Damages under Chapter 93A for the intentional destruction of the Plaintiff's credit capacity;

D. Statutory and punitive damages for FCRA, ECOA, and ADA violations;

E. A trial by jury on all issues triable by right; and

F. Grant such other and further relief as the Court deems mathematically and legally just.

## VERIFICATION UNDER RULE 11

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, mathematical calculation, and belief.

RESPECTFULLY SUBMITTED,

Terence N. Glenn, Pro Se

650 Ocean Ave, Unit 709

Revere, MA 02151

Phone: (617) 634-4234

Email: glenn.terence61@gmail.com

Date: April 8, 2026